Filed 4/21/23 P. v. Vallery CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>YKI JAMALL VALLERY,<br><br>    Defendant and Appellant. | 2d Crim. No. B321475<br>(Super. Ct. No. BA175507)<br>(Los Angeles County) |

The separation of powers doctrine is enshrined in our Constitution. It states: "The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution." (Cal. Const., art. III, § 3.)

Here, the California Department of Corrections and Rehabilitation (CDCR) recommended that a criminal sentence be recalled based on the defendant's "exceptional conduct while incarcerated." While such conduct is commendable, the trial court was not required to resentence the defendant to a specific term. The power to sentence, accomplished through the informed

exercise of discretion, belongs solely to judges.

Yki Jamall Vallery appeals from the trial court's order recalling his sentence of 75 years to life in state prison and resentencing him to 25 years to life. (See Pen. Code,[1] § 1172.1.[2]) He contends the court: (1) disregarded the statutory presumption in favor of resentencing, and (2) did not state its reasons for rejecting the resentencing recommendation from the CDCR, which (3) deprived him of the ability to contest those reasons. We affirm.

### FACTUAL AND PROCEDURAL HISTORY

In 2004, a jury convicted Vallery of first degree murder (§§ 187, subd. (a), 189, subd. (a)) and attempted premeditated murder (§§ 664/187, subd. (a)). The jury also found true allegations that Vallery committed his crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and that he personally used a firearm, discharged a firearm, and discharged a firearm causing great bodily injury or death while committing them (§ 12022.53, subds. (b)-(d)). The trial court sentenced him to 75 years to life in state prison. We affirmed the judgment on appeal. (See *People v. Vallery* (Feb. 14, 2006, B180800) 2006 WL 330101 [nonpub. opn.].)

Sixteen years later, CDCR recommended that the trial court recall Vallery's sentence and resentence him pursuant to

---

[1] Statutory references are to the Penal Code.

[2] Section 1172.1 was added as section 1170.03 by Assembly Bill No. 1540 (2021-2022 Reg. Sess.). (Stats. 2021, ch. 719, § 3.1.) It was subsequently renumbered without substantive change. (See Assem. Bill No. 200 (2021-2022 Reg. Sess.); Stats. 2022, ch. 58, § 9.) We use the statute's current designation throughout this opinion.

2

section 1172.1 because he had demonstrated "exceptional conduct while incarcerated." This conduct included multiple laudatory commendations and self-help activities but only a single, nonviolent rules violation. CDCR did not recommend that the court impose any specific sentence.

Vallery supplemented CDCR's recommendation with his own resentencing request, asking the trial court to impose a term of 13 years four months. Specifically, Vallery requested that the court vacate his murder conviction and sentence him to 11 years for the lesser offense of voluntary manslaughter (§ 192, subd. (a)), strike the jury's finding that his attempted murder was premeditated and sentence him to two years four months on that conviction (see § 664, subd. (a)), and strike the gang and firearm enhancements. Prosecutors agreed with Vallery that his sentence should be recalled, but argued that the court should resentence him to a term of 18 years four months: six years on the manslaughter, two years four months on the attempted murder, and 10 years on a firearm enhancement.

The trial court recalled Vallery's sentence and held a resentencing hearing. At that hearing Vallery accepted responsibility for his crimes and expressed remorse. He also highlighted the positive changes he had made while in prison.

The trial court granted the parties' requests to dismiss the gang and firearm enhancements attached to Vallery's original sentence, but otherwise rejected their sentencing recommendations. It instead imposed a sentence of 25 years to life in state prison on Vallery's murder conviction and a consecutive life term on his attempted murder. The court explained that it did not sentence Vallery on manslaughter instead of murder because the jury was instructed on both

3

offenses but opted to convict him of murder. The court said that it imposed a consecutive sentence on the attempted murder because Vallery committed violent crimes against separate individuals: "One person . . . saw his brother die, and then became paralyzed himself. It is not in the interest of justice to release this man right now."

Vallery subsequently moved the trial court to reconsider its sentencing decision, alleging the court failed to apply the statutory presumption in favor of resentencing and that it did not state its reasons for denying resentencing. The court denied the reconsideration motion:

> "[Vallery] mistakenly avers that the court denied [his] motion in toto. That is incorrect. The court carefully considered the dictates of section [1172.1] and granted the motion in part. The court is fully aware of what is required under section [1172.1] and gave due consideration to all pleadings and attached exhibits."

## DISCUSSION

If a defendant has been committed to state prison, a trial court has the discretion to recall their sentence and resentence them upon receiving a recommendation from CDCR. (§ 1172.1, subd. (a)(1).) Upon receiving such a recommendation, the court must provide notice to the defendant, appoint counsel, and set a status conference. (§ 1172.1, subd. (b)(1).) When deciding whether to resentence the defendant, the court must "apply any changes in law that reduce sentences or provide for judicial discretion." (§ 1172.1, subd. (a)(2).) It must also "consider if the defendant has experienced psychological, physical, or childhood trauma . . . and whether [that trauma was] a contributing factor

4

in the commission of the offense." (§ 1172.1, subd. (a)(4).) It may additionally consider whether postconviction factors "have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Ibid.*)

Resentencing "shall not be denied . . . without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection." (§ 1172.1, subd. (a)(8).) Additionally, when CDCR requests resentencing, there is a "presumption favoring recall and resentencing . . . [that] may only be overcome if a [trial] court finds [that] the defendant is an unreasonable risk of danger to public safety." (§ 1172.1, subd. (b)(2); see also *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040 [noting that section 1172.1 evinces the Legislature's intent that trial courts should generally accept CDCR's recommendations].) After applying this presumption, the court must "state on the record the reasons for its decision to grant or deny recall and resentencing." (§ 1172.1, subd. (a)(6).) We review that decision for abuse of discretion. (*People v. Frazier* (2020) 55 Cal.App.5th 858, 863-864.)

There was no abuse of discretion here. Vallery first contends the trial court disregarded section 1172.1's presumption in favor of resentencing because it did not find that he presented an unreasonable risk of danger to public safety. But the court recalled Vallery's sentence and resentenced him. It thus necessarily applied the statutory presumption and concluded that it had not been overcome. (Cf. *People v. Braggs* (2022) 85 Cal.App.5th 809, 819-820 [section 1172.1 includes a presumption for recall and resentencing a defendant, not a presumption of

5

resentencing the defendant to a particular term].) Vallery's first contention lacks factual support.

Vallery next contends the trial court failed to state its reasons for denying resentencing, which denied him the ability to contest those reasons. The record again belies this contention. The court did resentence Vallery. It explained why it did so on its own terms rather than adopting his recommendation or that of prosecutors: Because it agreed with the jury's finding that Vallery committed murder instead of manslaughter, because Vallery's crimes were violent, and because he committed those crimes against multiple individuals. And Vallery had the opportunity to contest those reasons, both at the resentencing hearing and in his motion for reconsideration. Section 1172.1 requires no more.

## DISPOSITION

The trial court's order recalling Vallery's original sentence and resentencing him, entered April 20, 2022, is affirmed.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.       YEGAN, J.

6

Ronald S. Coen, Judge

Superior Court County of Los Angeles

_____

Juvenile Innocence & Fair Sentencing Clinic, Loyola Law School, Marisa Harris and Christopher Hawthorne for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.